UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

AIZHEN YANG,

Petitioner,

v.

MARCELLO VILLEGAS, et al.,

Respondents.

No. 1:26-CV-190-H

**ORDER**

Aizhen Yang entered the United States illegally three years ago. Dkt. No. 7 at 2. In April 2026, ICE detained Yang and issued her a Notice to Appear, charging Yang with removability as an alien "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." *Id.*; *see* 8 U.S.C. § 1182(a)(6)(A)(i). She is held in mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). Dkt. No. 1 at 2. Before the Court is Yang's habeas petition, which demands her immediate release or a bond hearing based on the text of the INA, its implementing regulations, and the Fifth Amendment. Dkt. No. 1.

The Court has carefully considered the factual allegations and legal contentions raised in the petition. The Court has also considered hundreds of habeas petitions that sought relief on the same grounds raised in Yang's petition, and it has determined that:

- Binding Fifth Circuit precedent holds that "alien[s] present in the United States who [have] not been admitted or who arrive[] in the United States" are subject to mandatory detention under Section 1225(b)(2)(A). *Diaz Patino v. Villegas*, 822 F. Supp. 3d 718, 723 (N.D. Tex. 2026) (discussing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026)); *see also Garibay-Robledo v. Noem*, 814 F. Supp. 3d 747 (N.D. Tex. 2026) (adopting this position prior to *Buenrostro-Mendez*).

- Regulatory claims based on the statutory construction rejected in *Buenrostro-Mendez* are likewise foreclosed by binding precedent. And, in any case, where "regulations contradict the plain text of [the INA], the statute governs because a valid statute always prevails over a conflicting regulation." *Nieto Torres v. Noem*, No. 1:25-CV-197, 2026 WL 695639, at *4 (N.D. Tex. Mar. 9, 2026) (internal quotation marks omitted).

- A binding precedential stay issued by the Fifth Circuit forecloses the grant of habeas relief as a matter of substantive and procedural due process. *Sosnava Rodriguez v. Ortega*, Nos. 26-50183, 26-50219, & 26-50221, 2026 WL 2104747 (5th Cir. July 21, 2026).[1] Even were the stay not in effect, the Due Process Clause does not require relief in these circumstances. *Diaz Patino*, 822 F. Supp. 3d at 723–26; *Garibay-Robledo*, 814 F. Supp. 3d at 759–60. And the three-factor *Mathews* test is inapplicable to aliens detained under Section 1225(b)(2)(A). *Diaz Patino*, 822 F. Supp. 3d at 723–26.

- An alien's prior release on recognizance under 8 U.S.C. § 1226 does not permit her to evade mandatory detention under Section 1225. *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418, at *3–4 (N.D. Tex. Jan. 15, 2026).

Yang's arguments in the petition are the same as the arguments raised in the cases above. The Court previously found these arguments unavailing. The Court has considered them anew in this petition and concludes that habeas relief is unwarranted. Because Yang is not entitled to relief, the Court denies the petition. Dkt. No. 1. Counsel's application for admission pro hac vice (Dkt. No. 3) is denied as moot.

So ordered on August 19, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

[1] The Fifth Circuit had previously vacated the original panel opinion in *Sosnava Rodriguez*, which held that the Due Process Clause required a bond hearing within 90 days of detention. *See* Nos. 26-50183, 26-50219, & 26-50221, 2026 WL 2014647 (5th Cir. July 10, 2026). The motion for stay specifically sought relief as a precedential matter to foreclose relief beyond the consolidated cases pending in *Sosnava Rodriguez*. Nos. 26-50183, 26-50219, & 26-50221, Dkt. No. 178-1.